**Frank ZAMMIELLO**

v.

**ALYDAR CORP.**

**No. 2002–631–M.P.**

Supreme Court of Rhode Island.

Feb. 26, 2003.

Anthony J. Bucci, Jr., Providence; Kristen W. Sherman,Boston, MA.

Howard R. Croll, Woonsocket; Jules J. D'Aessandro, North Providence.

## ORDER

This petition for a writ of certiorari came before a conference of the Court on February 14, 2003. The petition seeks review of a Superior Court order dated September 16, 2002, granting the motion of the respondent, defendant Alydar Corp. (defendant), to vacate the plaintiff-petitioner Frank Zammiello's (plaintiff) notice of voluntary dismissal of the complaint pursuant to Rule 41(a)(1)(i) of the Superior Court Rules of Civil Procedure. After reviewing the petition and supporting memorandum, to which defendant filed no memorandum in opposition, we grant the petition for certiorari, quash the Superior Court's order that vacated plaintiff's notice of voluntary dismissal of his complaint, and remand this case to the Superior Court for reinstatement of the notice voluntarily dismissing this lawsuit pursuant to Rule 41(a)(1)(i).

Subject to exceptions that do not apply in this case, a plaintiff may voluntarily dismiss the complaint in a civil action at any time before service upon the plaintiff of an answer or a motion for summary judgment. *See* R.I. R. Civ. P. 41(a)(1)(i). Thus, absent service of an answer or summary-judgment motion, the plaintiff may file such a notice of voluntary dismissal without seeking or obtaining either a court order or the consent of opposing parties, and the Superior Court has no discretion to strike or to vacate such a notice of voluntary dismissal. *See, e.g., Aamot v. Kassel,* 1 F.3d 441, 443 (6th Cir.1993) (holding that the federal analogue to our rule, Fed.R.Civ.P. 41(a)(1) provides trial courts with no discretion to strike a plaintiff's notice of voluntary dismissal filed before the defendant has filed an answer or a motion for summary judgment). "Rule 41(a)(1) explicitly leaves the motion to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more." *Id.* at 444.

The mere fact that counsel in this case conferred with a Superior Court trial justice on one or more occasions and agreed to the terms of an order permitting, *inter alia,* a sale of real estate to occur without prejudice to the right of either party to seek money damages against the other, did not waive or compromise the right of the plaintiff thereafter to voluntarily dismiss the complaint under Rule 41(a)(1)(i). Neither the terms of that order nor any conferences held in the Superior Court constituted the substantive or procedural equivalent of an answer or a summary judgment motion. If the defendant wanted to seek money damages against the plaintiff after the latter already had filed a voluntary notice of dismissal of this action, its remedy was to file and serve an independent action, but not to seek the vacation, striking, or denial of the dismissal notice so that it could proceed to litigate on a counterclaim filed after the notice of voluntary dismissal was a *fait accompli.*

For these reasons, we grant the petition for certiorari, quash the order vacating the notice of voluntary dismissal, and remand the papers in this case to the Superior Court with our decision endorsed thereon.